# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH AMAZIAH TRENTON,

       Plaintiff,

v.                                    No. 1:20-cv-00430-LF

CARLOS MOTORS, INC., et al.

       Defendants.

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff's Original Complaint, Doc. 1, filed May 5, 2020 ("Complaint"), on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed May 5, 2020 ("Short Form Application"), and on Plaintiff's Application to proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 5, filed May 21, 2020 ("Long Form Application").

**The Complaint**

This case arises from Plaintiff's purchase of a vehicle from Defendant Carlos Motors and the purchase or rental of tires and rims from Defendant Rent a Wheel/Rent a Tire. After Plaintiff experienced mechanical problems with the vehicle, Defendant Carlos Motors, who had placed a tracking device in the vehicle, repossessed the vehicle including the rented tires and rims, and Plaintiff's laptop computer. Defendant Rent a Wheel/Rent a Tire told Plaintiff they would have him arrested if he did not return the tires and wheels.

Plaintiff states the Court has jurisdiction pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Act, 15 U.S.C. § 1692-1692p, and via diversity of citizenship, 28 U.S.C. 1332.  *See* Complaint at 3.

The Complaint fails to state a claim pursuant to the Fair Credit Reporting Act.  The purpose of the Fair Credit Reporting Act is:

> to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b).  Plaintiff makes the conclusory allegation that "Defendants threaten Plaintiff with arr[e]st, legal action and other adverse actions in violation of the … Fair Credit Reporting Act" and seeks a "permanent injunction against the Defendants from reporting derogatory information about Plaintiff to consumer reporting agencies (credit bureaus)."  Complaint at 10-11. The Complaint does not contain any factual allegations describing how or identifying which provisions of the Fair Credit Reporting Act Defendants allegedly violated.  While Fed. R. Civ. P. 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," plaintiffs must "state their claims intelligibly so as to inform the defendants of the legal claims being asserted."  *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007).  A conclusory claim that a defendant violated the Fair Credit Reporting Act, without describing how or identifying the specific provision of the Act each Defendant allegedly violated, is not sufficient. Plaintiff must state with particularity each claim he asserts against each Defendant.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what

2

specific legal right the plaintiff believes the defendant violated."); *see also* Fed. R. Civ. P. 10(b) (stating "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count").

The Complaint fails to state a claim pursuant to the Fair Debt Collection Act.  The Fair Debt Collection Act prohibits "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails *in any business the principal purpose of which is the collection of any debts*, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another … The term does not include … any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt

15 U.S.C. § 1692a(6) (*emphasis added*).  There are no allegations in the Complaint that Defendants are in a business, the principal purpose of which is the collection of debts, or are "debt collectors" under the Fair Debt Collection Practices Act.

The claims pursuant to the Fair Credit Reporting Act and the Fair Debt Collection Act are the only federal law claims in the Complaint and should be dismissed for failure to state a claim. With the dismissal of the two federal-law claims, the Court may decline to exercise supplemental jurisdiction over the state law claims.  *See* 28 U.S.C.1367 § 1367(c)(3).

Plaintiff asserts that the Court has diversity jurisdiction over this matter.  *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000").  Plaintiff has alleged damages exceeding $75,000 but that includes damages resulting from alleged violations of the Fair Credit Reporting Act and the Fair Debt Collections Act.

The Court will grant Plaintiff an opportunity to file an amended complaint.  If Plaintiff files an amended complaint, it shall indicate the amount in controversy for each federal and state-law

claim asserted in the amended complaint. *See State Farm Mut. Auto. Ins. Co. v. Narvaez,* 149 F.3d 1269, 1272 (10th Cir.1998) ("Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor.").

None of the factual allegations on pages 4-9 of the Complaint are numbered.  Rule 8(b) of the Federal Rules of Civil Procedure requires that Defendants admit or specifically deny designated allegations, which they cannot easily do, given the number of factual allegations, if each factual allegation is not numbered.  Plaintiff shall number the factual allegations in the amended complaint.

The Court notifies Plaintiff that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Application to Proceed In Forma Pauperis**

After the Court notified Plaintiff that he filed his first Application to proceed *in forma pauperis* using an improper form application, Plaintiff filed a second Application using the correct form application.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable

to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount during the past 12 months was $400.00; (ii) his average monthly expenses total $225.00; and (iii) he has $154.96 in cash and no money in bank accounts. *See* Long Form Application at 1-2, 5. The Court grants Plaintiff's Long Form Application because he signed an affidavit declaring that he is unable to pay the costs of these proceedings and because of his low monthly income. Because the Court is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Short Form Application as moot.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings

*in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service on Defendants at this time because the Court is granting Plaintiff leave to file an amended complaint. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**IT IS ORDERED** that:

(i) Plaintiff may, within 21 days of entry of this Order file an amended complaint. Failure to timely show cause or to file an amended complaint may result in dismissal of this case.

(ii) Plaintiff's Application to proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 5, filed May 21, 2020, is **GRANTED.**

(iii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed May 5, 2020, is **DENIED as moot.**

_____
**UNITED STATES MAGISTRATE JUDGE**